DREW, Justice
(dissenting).
I agree that that portion of the complaint in this cause asserting that the negligence of the municipality consisting of employing untrained and incompetent firemen or, as the district court described it, “failure to properly provide a city service” does not constitute actionable negligence under the Hargrove case[1] and that, therefore, as to that portion of the complaint the decision of the district court is not in conflict with the cited case. The complaint, however, also alleges negligence of the municipality arising out of the acts of its employees in “dispatching a fire truck improperly equipped”[2] as a re- *738 suit of which plaintiffs’ house and personal property were totally destroyed. Because of my inability to distinguish the negligence of the city alleged in that portion of the complaint appearing in the footnote from the negligence of the city alleged in the Hargrove case “in leaving the jail unattended and the prisoner unprotected”, I am forced to the conclusion that to that extent the decision of the district court is in direct conflict with the decision in that case. I would quash the district court’s decision and remand with directions to set aside the action of the trial court dismissing the complaint and entering final judgment and to proceed further in accordance with these views.

. Hargrove v. Town of Cocoa Beach, Fla. 1957, 96 So.2d 130.

. The exact language of this paragraph of the complaint is as follows:
“5. That on the 13th day of May, 1960 at or approximately 6:00 o’clock in the afternoon, a fire occurred engulfing the plaintiffs’ improved real property as above described. That the defendant municipal corporation, pursuant to its legal duty and obligation, by and through its authorized agents, dispatched to the scene of the fire as aforedescribed, fire-fighting equipment personnel. That in the attempt to extinguish the fire engulfing plaintiff’s property the defendant municipal corporation was negligent by its acts of commission and omission as hereinafter set out:
“A. That the defendant dispatched a fire truck to be utilized in extinguishing the aforedescribed fire, which fire truck was improperly equipped, i. e.: that the *738 fire truck was to have contained thereon at all times three hundred (300) gallons of water to be utilized to extinguish fires. That the fire truck so dispatched to the fire as aforo.described did not have three hundred (300) gallons of water thereon for the defendant, through its agents and /or employees, utilized said water several hours prior to the fire aforedescribed for the purpose of watering lawns and the defendant, its agents and/or employees, forgot to replenish the supply upon said fire truck; and/or in the alternative;
“g # * *